**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| PATRICK J. DALY, | ) | Case No. 22-05040 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| RICHARD J. ZELL, | ) | |
| | ) | |
| Plaintiff, | ) | Adv.Pro.No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK J. DALY, | ) | |
| | ) | |
| Defendant. | ) | |

**RICHARD J. ZELL'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF A DEBT AND OBJECTION TO DISCHARGE**

NOW COMES Plaintiff, Richard Zell, by his attorneys, Ariel Weissberg, Rakesh Khanna and the law firm of Weissberg and Associates, Ltd., and as *Richard J. Zell's Complaint to Determine Non-Dischargeability of a Debt and Objection to Discharge,* states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. On May 16, 2022, Debtor/Defendant, Patrick J. Daly ("Daly" or "Defendant"), filed his voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy Court") to initiate his Chapter 7 bankruptcy case (the "Bankruptcy Case").

2. Daley is an individual who resides in Illinois.

3. Plaintiff, Zell, is an individual who resides in Illinois.

4. Zell has a claim for $568,873.31 against Daly that is secured by a blanket judgment/citation lien in all of Daly's assets, including pursuant to the Proof of Claim Zell filed in the Bankruptcy case as Claim number 8 on October 12, 2022 (Zell Claim").

5.  Zell is a pre-petition creditor of Daley pursuant to a judgment entered against Daley and in Zell's favor in the action pending in the Circuit Court of Cook County, Illinois ("State Court"), captioned as *Richard Zell v. Patrick Daly et al.*, as case number 20 L 1768 ("State Court Action").

6.  Daly has an interest, either by ownership or governance in the following companies ("Affiliated Companies"): (a) Spud Construction, Inc.; (b) 5647-53 N. Clark St. LLC; (c) Markay Homes, Inc.; (d) River Development, LLC-2815-19 North Lincoln Series; (e) Silver River Development, LLC-2235-39 West Roscoe Series and, (f) Silver River Development, LLC.

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b). This is an action that arises under the Bankruptcy Code and is related to the Bankruptcy Case. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8.  Zell consents to the entry of final orders or judgment by the Bankruptcy Court.

9.  This action is brought pursuant to 11 U.S.C. §§ 727(a)(2)(B), and 727(a)(4), Rules 4004(a) and (c) and 7001(4) of the Federal Rules of Bankruptcy Procedure.

**FACTUAL BACKGROUND**

**A.  Post-Judgment Actions and Omissions in State Court Action**

10.  On March 2, 2021, Daly was served with a Citation to Discover Assets in the State Court Action, and from that date to the present, his monies and assets have been subject to a citation lien.  See, proof of service of the pending citation on Daly attached hereto as **Exhibit 1.**

11.  Subsequently, Zell served Citations to Discover Assets on one or more of the Affiliated Companies.

12.  On July 28, 2021, a rule to show cause was entered against Daley in the State

Court Action. See, Order issuing rule attached hereto as **Exhibit 2**. That Rule has been continued seven times since it was issued.

13. On November 4, 2021, Plaintiff filed his Motion for Body Attachment against Daly in the State Court Action due to his failure to comply with the Citations. That Motion was continued five separate times.

14. During the course of these citation proceedings (i.e., supplementary proceedings) in the State Court Action, and after the Citation lien on Daly was in full effect, Daly produced bank account statements evidencing that he received monies from various sources totaling $119,584.79 ("Lien Amount"), which monies he dissipated for his own purposes and without preserving them for Zell's benefit and/or otherwise turning those monies over to Zell. See attached hereto as **Group Exhibit 3**, documents attached hereto evidencing monies deposited into Daly's personal bank account which were subsequently, and in most occasions, immediately withdrawn from that account while the Citation lien and the restraining provision of 735 ILCS 5/2-1402(f)(1) was in full force and effect. See also, checks written to Daly that were cashed or deposited elsewhere while the Citation lien and the restraining provision of 735 ILCS 5/2-1402(f)(1) was in effect attached hereto as **Group Exhibit 4.**

15. In addition, on or about October 8, 2021, Daly tendered to Zell pursuant to the pending supplementary proceedings in the State Court Action, an Income and Assets Form ("Daly's Assets Form"). See, Daly's Assets Form attached hereto as **Exhibit 5**.

16. In Daly's Assets Form, Daly failed to disclose his ownership interest in a boat. Plaintiff only learned of Daly's ownership interest in a boat after reviewing Daly's company, Spud Construction, Inc's ("Spud") bank statements and saw checks written to a marina in Chicago.

17. Spud pays most, if not all, of Daly's personal expenses. Upon inquiring from

Defendant why checks are being written to a marina, Daly finally produced title to a boat in the name of Daly and his wife. See, title attached hereto as **Exhibit 6**.

18. Although Daly affirmed under oath in the State Court Action that he disclosed his assets and produced all documents relating to these assets in October, 2021, Daly failed to disclose or provide documents relating to his boat.

19. Furthermore, the Citation Rider for Daly asked him to turnover bank statements for all bank account in which he is a signatory. See, Rider to Daly's Citation attached hereto as **Exhibit 7**, Rider Requests number 2 and 32.

20. As previously alleged, a Citation to Discover Assets was served on Silver River Development, LLC ("Silver River"), for which Daly is the principal. In conjunction with the supplementary proceedings against Silver River, Daly provided responsive documents to that Citation ("Silver River Citation"). See, Silver River Citation attached hereto as **Exhibit 8**.

21. The first request in the Silver River Citation Rider sought copies of checks and bank statements for all bank accounts in which checks made out to Silver River were deposited. *Id*.

22. During the course of investigating this matter, 4863 N. Ashland, LLC ("Ashland LLC"), an entity that Daly falsely claims is controlled by Daly's daughter, Mary Daly, turned over in the State Court Action bank account statements for Ashland LLC. In those bank statements Plaintiff noticed a deposit transfer from a bank account in the name of "Silver River Development, LLC". See, Ashland LLC's bank statement referencing this bank account attached hereto as **Exhibit 9**.

23. Plaintiff issued a subpoena to Forest Park National Bank, which is the Bank that held the account in the name of this depositing account. It was learned that the actual name on that account is Silver River Development, LLC- 4869 N. Ashland Series ("4869 LLC").

24. Although 4869 LLC is not a judgment debtor, an investigation into the bank account held in the name of 4869 LLC revealed numerous facts detailing judgment debtor, Daly and Silver River's, fraudulent and intentional concealment of this highly relevant bank account.

25. First, Daly is a signatory on, and controls, the 4869 LLC bank account. See, signatory card for the 4869 LLC bank account attached hereto as **Exhibit 10**.

26. Despite Daly being a signatory and controlling this bank account, and although expressly required to turnover bank statements for all accounts in which he is a signatory, Daly never disclosed this bank account or provided bank statements for it in his document production in the State Court Action when he produced bank statements for other bank accounts in which he is a signatory.

27. Furthermore, and what makes Daly's concealment directly relevant and highly problematic is the fact that Daly asserted that Silver River, a judgment debtor had no bank accounts in its own name.

28. However, the first request in the Citation Rider to Silver River expressly sought copies of checks paid to Silver River, and, the bank statements for the accounts in which the checks in the name of Silver River were deposited. **See, Exhibit 8 attached hereto**.

29. After investigating the 4869 LLC bank account and statements, Zell learned that there were checks totaling almost $300,000 that were made out to judgment debtor, Silver River, that were deposited into the 4869 LLC bank account. See, copies of checks made out to Silver River that were deposited into the 4869 LLC bank account attached hereto as **Exhibit 11**. Some of those checks made out to Silver River were deposited into the 4869 LLC account while the pending Silver River Citation was still in effect.

30. Moreover, Silver River wrote checks in its own name out of the 4869 LLC bank account. See, copies of those checks attached hereto as **Exhibit 12**.

31. Daly never disclosed or provided bank statements regarding the 4869 LLC bank account although Daly was required to since he was a signatory on that account, and although Daly through Silver River was required to provide because Silver River (through Daly) deposited checks paid to it into that account. The Citation Riders expressly required the disclosure of this account, which Daly concealed.

32. In addition, in October, 2021, while the Silver River Citation was pending including the restraining provision of 735 ILCS 5/2-1402(f)(1), Daly transferred all amounts remaining in the 4869 LLC bank account in excess of $214,000, including amounts paid to Silver River, into the Ashland, LLC bank account controlled by Mary Daly.

33. Had Daly and Silver River disclosed their interest in the 4869 LLC bank account in a timely manner and included their interest in the 4869 LLC bank account, Plaintiff could have taken actions to prevent Daly from transferring all monies from that account into his daughter's Ashland LLC bank account.

34. Also, in Daly's Assets Form Daley represents he has money market accounts with balances in excess of $600,000, which amount would satisfy Plaintiff's judgment. See, **Exhibit 5**.

35. However, since the State Court entered the Compliance Order requiring Daly to turn over documents relating to the money market account disclosed on Daly's Assets Form, Daly is now taking the position that despite his sworn statement that these accounts exist, these accounts do not really exist, and he has failed to turnover documents relating to those accounts.

36. Based on Daly's violation of the Citation lien in dissipating the Lien Amount, his failure to disclose his ownership in the boat, his concealment of the 4869 LLC bank account which contained funds belonging to judgment debtor, Silver River, and his recent attempt to refute his sworn testimony that he owns money market accounts, serves as a basis for Criminal

Contempt of Court.

      **B.**     **The Bankruptcy Case and Defendant's False Statements**

37. On May 31, 2022, the Defendant's First Meeting of Creditors was commenced pursuant to 11 U.S.C. §341 via Zoom.

38. During the course of the First Meeting of Creditors, Zell, as well as the Chapter 7 Trustee, Miriam R. Stein ("Trustee"), requested that the Debtor produce certain documents and the First Meeting of Creditors was continued to July 12, 2022, to monitor the production.

39. The Debtor appeared at the First Meeting of Creditors with his counsel and testified, under oath, that the information in the Defendant's Schedules and Statement of Financial Affairs were truthful and accurate.

**COUNT I**
**DENIAL OF DISCHARGE UNDER § 727(a)(2)**

40. Zell fully incorporates all preceding paragraphs by this reference as if set forth herein.

41. Within one year from the date of the commencement of the Bankruptcy Case, the Defendant, acting with the intent to hinder, delay or defraud his creditors, including Zell, concealed property of the Defendant and/or property of the estate of the Defendant in violation of **§** 727(a)(2) of the Bankruptcy Code, including as follows:

    A.     The Defendant failing to disclose in the State Court Action before the commencement of the Bankruptcy Case his ownership of a boat;

    B.     The Defendant failing to disclose in the Bankruptcy Case his ownership of a boat;

    C.     The Defendant failing to disclose in the State Court Action before the commencement of the Bankruptcy Case his ownership of the funds in October, 2021, while the Silver River Citation was pending including the restraining provision of 735

ILCS 5/2-1402(f)(1), Daly transferred all amounts remaining in the 4869 LLC bank account in excess of $214,000, including amounts paid to Silver River, into the Ashland, LLC bank account controlled by Mary Daly;

D. While the Silver River Citation was pending including the restraining provision of 735 ILCS 5/2-1402(f)(1), Daly transferred all amounts remaining in the 4869 LLC bank account in excess of $214,000, including amounts paid to Silver River, into the Ashland, LLC bank account controlled by Mary Daly;

E. within one year of the commencement of the Bankruptcy Case, the Defendant tendered in the State Court Action an Income and Asset Form that was materially false;

F. within one year of the commencement of the Bankruptcy Case, the Defendant violated orders entered by the State Court in the State Court Action;

G. within one year of the commencement of the Bankruptcy Case, despite Daly being a signatory and controlling the 4869 LLC bank account, and although expressly required to turnover bank statements for all accounts in which he is a signatory, Daly never disclosed in the State Court Action the 4869 LLC bank account or provided bank statements for the 4869 LLC bank account in his document production in the State Court Action when he produced bank statements for other bank accounts in which he is a signatory;

H. within one year of the commencement of the Bankruptcy Case, Defendant failed to disclose in the State Court Action, his interest in a money market account, including the use of those funds;

I. within one year of the commencement of the Bankruptcy Case, Defendant caused the transfer of almost $300,000 to the Defendant, directly or indirectly, which funds were previously deposited into the 4869 LLC bank account.

42. Accordingly, pursuant to 11 U.S.C. § 727(a)(2)(B), the Defendant is not entitled to a discharge based on his intent to hinder, delay or defraud creditors by concealing the Personal Property and Gifts, which are property of the bankruptcy estate, after the Petition Date.

WHEREFORE, Plaintiff, Richard J. Zell, prays that this Court enter an Order denying the discharge of Defendant, Patrick J. Daly; and for such other and further relief as this Court deems just and proper.

## COUNT II
## DENIAL OF A DISCHARGE PURSUANT TO § 727(a)(5)

43. Zell fully incorporates the allegations contained in paragraphs 1 through 39, as if fully stated herein.

44. The Defendant has failed to explain satisfactorily, before determination of the denial of a discharge pursuant to § 723(a)(5) of the Bankruptcy Code, a loss of assets or deficiency of assets to meet the Defendant's liabilities, including the following "failure to explain":

A. The Defendant failed to explain the use of the money in the money market accounts that had a balance in excess of $600,000;

B. The Defendant failed to explain the use of the money in the 4869 LLC bank account; and

C. The Defendant failed to explain the use of funds of one or more of the Affiliated Companies for the period of two years prior to the commencement of the Bankruptcy Case.

45. Accordingly, pursuant to 11 U.S.C. § 727(a)(5), the Defendant is not entitled to a discharge based on his failure to explain satisfactorily, before determination of the denial of a discharge pursuant to Section 723(a)(5) of the Bankruptcy Code, a loss of assets or deficiency of assets to meet the Defendant's liabilities.

WHEREFORE, Plaintiff, Richard J. Zell, prays that this Court enter an Order denying the discharge of Defendant, Patrick J. Daly; and for such other and further relief as this Court deems just and proper.

## COUNT III
## DENIAL OF A DISCHARGE PURSUANT TO SECTION 727(a)(3)

46. Zell fully incorporates the allegations contained in paragraphs 1 through 39, as if fully stated herein.

47. The Defendant has failed to keep or preserve any recorded information, including books, documents, records and papers from which the Defendant's financial condition or business transactions might be ascertained, all of which omissions are unjustified under all of the circumstances of the case, including the following:

    A. The Defendant failed to preserve recorded information concerning the use of the money in the money market accounts that had a balance in excess of $600,000;

    B. The Defendant failed to preserve recorded information concerning the use of the money in the 4869 LLC bank account; and

    C. The Defendant failed to preserve recorded information concerning the use of funds of one or more of the Affiliated Companies for the period of two years prior to the commencement of the Bankruptcy Case.

48. Accordingly, pursuant to 11 U.S.C. § 727(a)(3), the Defendant is not entitled to a discharge based on his failure to preserve recorded information from which the Defendant's

financial condition or business transactions might be ascertained, all of which omissions are unjustified under all of the circumstances of the case.

WHEREFORE, Plaintiff, Richard J. Zell, prays that this Court enter an Order denying the discharge of Defendant, Patrick J. Daly; and for such other and further relief as this Court deems just and proper.

## COUNT V
## DENIAL OF A DISCHARGE PURSUANT TO SECTION 727(a)(4)

49. Zell fully incorporates the allegations contained in paragraphs 1 through 39, as if fully stated herein.

50. The Defendant knowingly and fraudulently in or in connection with the Bankruptcy Case, made a false oath or account the following false oaths:

    A. The Defendant failed to disclose in the Bankruptcy Case, and particularly, in Schedule A/B his ownership of a boat;

    B. The Defendant failed to disclose in the Statement of Financial Affairs that he was subject to an attachment in response to Question 10 in the Statement of Financial Affairs;

    C. The Defendant failed to disclose in the Statement of Financial Affairs that he had tendered a financial statement within two years of the commencement of the Bankruptcy Case in response to Question 28 in the Statement of Financial Affairs;

    D. The Defendant failed to respond truthfully to Question 4 in the Statement of Financial Affairs concerning his income in 2021 and 2022;

    E. The Defendant failed to respond truthfully to Question 8 of the Statement of Financial Affairs pertaining to payments made within one year of the commencement of the Bankruptcy Case that benefited insiders; and

F.  The Defendant failed to respond truthfully to Question 18 of the Statement of Financial Affairs pertaining to transfers made outside the ordinary course of business or the financial affairs of the Defendant within two years of the commencement of the Bankruptcy Case.

51. Accordingly, pursuant to 11 U.S.C. § 727(a)(4), the Defendant is not entitled to a discharge based on his false oaths in connection with the Bankruptcy Case.

WHEREFORE, Plaintiff, Richard J. Zell, prays that this Court enter an Order denying the discharge of Defendant, Patrick J. Daly; and for such other and further relief as this Court deems just and proper.

**RICHARD J. ZELL**, Plaintiff

By: /s/ Ariel Weissberg
One of his attorneys

Ariel Weissberg, Esq. (#03125591)
Weissberg and Associates, Ltd.
564 W. Randolph, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
Email: ariel@weissberglaw.com